ISAAC CLARK, *as Interpleader, etc.*, v. CLARK & BLAKE *et al.*

SALE, *not Completed.* The testimony examined, and *held* to be sufficient to sustain the finding of the court that a sale of a stock of merchandise claimed to have been made was not consummated before the seizure of the merchandise at the instance of attaching creditors.

*Error from Decatur District Court.*

H. R. MARIETTA and 16 other creditors of *Clark & Blake* sued the latter in attachment. *Isaac Clark* interpleaded in said suits. There was judgment for plaintiffs in the attachment suits, and the interpleader brings error.

*Teague Ray*, and *John D. Hayes*, for plaintiff in error.

*Bertram & McElroy*, for defendants in error Kate M. Blake and The State Bank of Oberlin.

The opinion of the court was delivered by

JOHNSTON, J. : This is a controversy over the ownership and possession of a stock of merchandise that had been owned and kept by Clark & Blake at Oberlin. They had been engaged in a general merchandise business and had become financially embarrassed, their indebtedness being nearly $30,000, which was

largely in excess of the value of their property and
assets. They entered into negotiations for a sale of
their stock of goods to Issac Clark and H. R. Marietta,
and while negotiations were in progress the stock of
goods was seized upon attachments by a number of
the creditors of Clark & Blake, and among the attach-
ing creditors was H. R. Marietta, who was to be a
partner of Isaac Clark in the purchase of the same
goods. Isaac Clark interpleaded in the attachment
suits — there being 16 of them — claiming that he was
the owner of the attached goods by virtue of a pur-
chase of the same from the failing firm of Clark &
Blake. All of the attachment actions were consoli-
dated and tried together, and the principal contro-
versy was between the attaching creditors and the
interpleader. The court found from the testimony
that Marion W. Clark, the senior member of the firm
of Clark & Blake, had attempted to sell and transfer
to Isaac Clark, his father, about $10,000 worth of
merchandise out of a total stock of about $14,000
belonging to the firm, but that the sale was never
completed and no delivery of the merchandise had
ever been made. There was a further finding that the
merchandise claimed by the interpleader was the
property of Clark & Blake, and subject to the payment
of their debts and to the attachments that had been
levied upon the stock. Isaac Clark complains of
these rulings, and asks for a reversal.

While it appears to be conceded that the failing firm
was indebted to Isaac Clark in the sum of $1,712.12,
they were attempting to transfer nearly $10,000 worth
of merchandise to Isaac Clark, who paid no money
whatever upon the transfer, although it is claimed
that he was to assume the payment of a part of the
debts of the firm. There is sufficient testimony, how-

ever, to uphold the finding of the court that the sale of the goods was never in fact completed. The evidence of Blake, one of the failing firm, is to that effect; while Marietta, who was to be a partner of Isaac Clark in the purchase, disavowed the sale and caused the goods to be attached upon a claim which he held against the firm. He did not join Isaac Clark in the interplea claiming the goods. Indeed, Isaac Clark himself, on the day the attachments were levied, treated the property as that of the firm by agreeing to take a mortgage on the same to secure his claim against the firm. In the brief of counsel for plaintiff in error they concede that there is a conflict in the evidence as to the consummation of the sale, and this concession necessarily requires an affirmance of the judgment, as the finding of the trial court upon conflicting evidence cannot be reviewed here.

The judgment of the district court will be affirmed.

All the Justices concurring.